IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANET LYNN T.,[1]                         1:19-cv-01790-BR

         Plaintiff,                       OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

         Defendant.


**ARI D. HALPERN**
Halpern Law Group, P.C.
62910 O.B. Riley Rd., Ste 100
Bend, OR  97703
(541) 388-8410

         Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

─────────────────────

         [1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.


1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**RYAN LU**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2531

          Attorneys for Defendant


**BROWN, Senior Judge.**

     Plaintiff Janet Lynn T. seeks judicial review of the final

decision of the Commissioner of the Social Security

Administration (SSA) in which the Commissioner denied

Plaintiff's application for Disability Insurance Benefits (DIB)

under Title II of the Social Security Act.  This Court has

jurisdiction to review the Commissioner's final decision

pursuant to 42 U.S.C. § 405(g).

     For the reasons that follow, the Court **AFFIRMS** the decision

of the Commissioner and **DISMISSES** this matter.


<u>**ADMINISTRATIVE HISTORY**</u>

     On November 25, 2015, Plaintiff protectively filed her

application for DIB benefits.  Tr. 20, 265.[2]  Plaintiff initially

_____

     [2] Citations to the official Transcript of Record (#9) filed
by the Commissioner on March 24, 2020, are referred to as "Tr."

2 - OPINION AND ORDER

alleged a disability onset date of April 15, 2014.  Tr. 20, 265.
Plaintiff's application was denied initially and on
reconsideration.  On August 17, 2018, Plaintiff amended her
alleged disability onset date to April 2, 2015.  Tr. 20, 282.
An Administrative Law Judge (ALJ) held a hearing on August 27,
2018.  Tr. 20, 36-75.  Plaintiff and a vocational expert (VE)
testified at the hearing.  Plaintiff was represented by an
attorney at the hearing.

On September 17, 2018, the ALJ issued an opinion in which
she found Plaintiff is not disabled and, therefore, is not
entitled to benefits.  Tr. 20-29.  Plaintiff requested review by
the Appeals Council.  On September 10, 2019, the Appeals Council
denied Plaintiff's request to review the ALJ's decision, and the
ALJ's decision became the final decision of the Commissioner.
Tr. 1-4.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On November 6, 2019, Plaintiff filed a Complaint in this
Court seeking review of the Commissioner's decision.


## BACKGROUND

Plaintiff was born on June 29, 1956.  Tr. 159, 265.
Plaintiff was 58 years old on her amended alleged disability
onset date.  Tr. 159.  Plaintiff has a high-school education and

3 - OPINION AND ORDER

completed three years of college.  Tr. 288.  Plaintiff has past
relevant work experience as a management aid, sorter/pricer,
financial-aid counselor, administrative clerk, and order clerk.
Tr. 28, 60-65, 302-09.

Plaintiff alleges disability due to degeneration of the
lumbar/lumbosacral intervertebral disc, sciatica, acute
pancreatitis, depression, rectal abscess/fissure, shoulder
rotator-cuff tear, adrenal nodule, acute abdominal pain, a limp,
anxiety, and glaucoma inverted.  Tr. 159-60.

Except as noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 23-27.


## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110
(9th Cir. 2012).  To meet this burden a claimant must
demonstrate her inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."  42

4 - OPINION AND ORDER

U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th

Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. § 404.1520(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the

listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has engaged in "sporadic" substantial gainful activity since April 2, 2015, Plaintiff's amended alleged disability onset date.  Tr. 22.  The ALJ, however, found there has been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity.  Tr. 23.

At Step Two the ALJ found Plaintiff has the severe impairments of lumbar-spine degenerative disc disease, an

incomplete rotator-cuff tear, and anorectal disease/recurrent perirectal abscess disease.  Tr. 23.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 24.  The ALJ found Plaintiff has the RFC to perform light work with the following limitations:  can only occasionally lift/carry 20 pounds; can frequently lift/carry ten pounds; can stand and/or walk for six hours in an eight-hour workday; can sit for six hours in an eight-hour workday; can only occasionally climb ramps, stairs, ladders, or scaffolds; can frequently stoop, kneel, crouch, and crawl; and can only occasionally reach overhead with her right arm.  Tr. 25.

At Step Four the ALJ concluded Plaintiff is able to perform her past relevant work.  Tr. 28.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 28-29.

## DISCUSSION

Plaintiff contends the ALJ erred when she failed (1) to provide legally sufficient reasons for discounting Plaintiff's subjective symptom testimony; (2) to provide legally sufficient reasons for discounting the opinion of Michelle Whitehead,

M.H.N.P., Ph.D., an examining psychologist; (3) to provide legally sufficient reasons for rejecting the lay-witness testimony of Wanda W., Plaintiff's mother; and (4) to include all of Plaintiff's limitations in her hypothetical to the VE.

## I.    The ALJ did not err when she discounted Plaintiff's testimony.

Plaintiff contends the ALJ erred when she failed to provide legally sufficient reasons for discounting Plaintiff's subjective symptom testimony.

### A.    Standards

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  The claimant need not show her "impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  A

claimant is not required to produce "objective medical evidence
of the pain or fatigue itself, or the severity thereof."
*Garrison*, 759 F.3d at 1014.

If the claimant satisfies the first step of this
analysis and there is not any affirmative evidence of
malingering, "the ALJ can reject the claimant's testimony about
the severity of her symptoms only by offering specific, clear
and convincing reasons for doing so." *Garrison*, 759 F.3d at
1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880,
883 (9th Cir. 2006)(same). General assertions that the
claimant's testimony is not credible are insufficient. *Parra v.
Astrue,* 481 F.3d 742, 750 (9th Cir. 2007). The ALJ must
identify "what testimony is not credible and what evidence
undermines the claimant's complaints." *Id*. (quoting *Lester v.
Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

**B.   Analysis**

On March 21, 2016, Plaintiff completed an Adult
Function Report. Tr. 294-301. Plaintiff reported she was in
constant pain from her lower-back sciatica and leg, she cannot
pick up anything over ten pounds, she is unable to sit or stand
for longer than an hour due to her fissure incisions, her
pancreatitis keeps her in bed for 24-hour periods, she has lost

11 - OPINION AND ORDER

mobility in her thumb due to gout, her right arm is debilitated
due to a torn rotator, and she has severe depression.  Tr. 294.
Plaintiff also indicated her conditions limit her personal care
and daily activities.  Tr. 296-97.  Plaintiff also reported she
can only lift five pounds; cannot sit longer than one hour;
cannot kneel; can walk 100 feet, but she needs to rest after
three minutes; can pay attention for only 20 minutes; and cannot
finish what she starts.  Tr. 298.

At the hearing on August 27, 2018, Plaintiff testified
she experiences fistulas and perirectal abscess flares at least
monthly.  These cause her excruciating pain that can last two or
three weeks.  She also noted she misses at least two or three
days of work each month.  Tr. 50-51.  Plaintiff testified she
gets "inflamed and infected" if she sits more than an hour, and
she needs to take a ten-minute break after sitting.  Tr. 52.
Plaintiff also testified she is limited by her back pain, cannot
vacuum, cannot push a grocery cart, cannot lift more than a
gallon of milk, and cannot drive for more than one hour.
Tr. 53.  Plaintiff stated she can walk for twenty minutes before
needing to sit down and must lie down or recline at least every
couple of hours.  Tr. 54.

The ALJ discounted Plaintiff's symptom testimony on

12 - OPINION AND ORDER

the grounds that (1) her allegations were inconsistent with the
medical record, which reflected some improvement following
treatment; (2) she received mostly conservative treatment; and
(3) her allegations were inconsistent with her daily activities,
which included intermittent work.  Tr. 26-27.  For example,
although Plaintiff had back surgery in December 2017, subsequent
examinations showed normal gait; "five out of five" muscle
strength; and intact sensation, reflexes, and muscle tone.
Tr. 26, 839, 841.  Plaintiff experienced episodes of abscess
infection and was treated with multiple surgical procedures that
resulted in improvement in her symptoms.  Tr. 27.  Subsequent
examinations showed "non-thrombosed external hemorrhoids and
chronic scarring from a Seton drain but no purulence."  Internal
exams revealed "tenderness to palpation but no discrete
identifiable abscess and only post-surgical changes."  Tr. 27.
A CT scan in April 2018 showed only "post-surgical changes but
no detectable drainable abscess."  Tr. 27.  Accordingly, the ALJ
discounted Plaintiff's subjective symptom testimony based on its
inconsistency with the medical records.

        The ALJ also noted Plaintiff's symptom testimony is
inconsistent with Plaintiff's daily activities.  Tr. 27.  For
example, the ALJ indicated Plaintiff performs adequate self-

13 - OPINION AND ORDER

care, prepares simple meals, does household chores, and goes to
the store.  Tr. 27.  Although Plaintiff is limited in some of
her activities, she engages in various hobbies including
walking.  Tr. 299.  Plaintiff also reports she socializes daily
with others and regularly attends sporting events or visits
community centers.  Tr. 298-99.  The ALJ also noted Plaintiff
has "engaged in some work activity since the application date,"
but the ALJ declined to determine whether Plaintiff's earnings
rose to the level of substantial gainful activity.  Tr. 22.
Accordingly, the ALJ discounted Plaintiff's subjective symptom
testimony based on its inconsistency with Plaintiff's daily
activities.

        The ALJ found Plaintiff's overall treatment was
"mostly conservative," and Plaintiff did "not generally
receive[] the type of medical treatment one would expect for a
totally disabled individual."  Tr. 27.  The ALJ, however,
acknowledged Plaintiff required surgeries to treat her
conditions and has "tried multiple treatment modalities
including physical therapy, nerve relaxers, anti-inflammatories,
muscle relaxers, steroids, as well as over-the-counter and
prescription medication."  Tr. 27.  Although the ALJ's
characterization of Plaintiff's treatment as "mostly

conservative" may be questionable, it does not undermine the
ALJ's adverse finding that Plaintiff's testimony lacked
credibility because the ALJ provided other valid reasons to
support her determination.  *See Carmickle v. Comm'r Soc. Sec.
Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008)(ALJ's error in
relying on claimant's relatively conservative pain treatment for
discounting claimant's testimony does not negate the validity of
an adverse credibility finding when supported by other legally
sufficient reasons).

In summary, on this record the Court concludes the ALJ
did not err when she discounted Plaintiff's subjective symptom
testimony based on its inconsistency with the medical record and
with Plaintiff's daily activities because the ALJ provided
legally sufficient reasons supported by substantial evidence in
the record for doing so.

**II.  The ALJ did not err in her assessment of Dr. Whitehead's
medical opinion.**

Plaintiff contends the ALJ erred when she failed to provide
legally sufficient reasons for rejecting the medical opinion of
Dr. Whitehead, an examining psychologist.

**A.    Standards**

"In disability benefits cases . . . physicians may
render medical, clinical opinions, or they may render opinions

15 - OPINION AND ORDER

on the ultimate issue of disability - the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* When contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007). An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d at 725. "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

**B.    Analysis**

On May 16, 2016, Dr. Whitehead performed a consultative Comprehensive Psychodiagnostic Examination of Plaintiff at the request of the state disability agency. Tr. 593-96.  Dr. Whitehead diagnosed Plaintiff with Adjustment Disorder with Mixed Anxious and Depressed Mood; Somatic Symptom Disorder with predominant pain; and disc disease with back pain. Tr. 596.  Dr. Whitehead noted:

> [Plaintiff's] clinical examination was consistent with an adjustment disorder with symptoms of anxiety and depression that caused moderate impairment to function in a social and occupational setting.  She also presented with chronic pain and somatic preoccupation stemming from a medical condition causing multiple hospitalization and long-term recovery.

Tr. 596.  Dr. Whitehead, however, found Plaintiff's concentration "was acceptable.  She had adequate persistence, and pace."  Tr. 596.

The ALJ gave "some weight" to Dr. Whitehead's opinion regarding Plaintiff's concentration, but she gave "little weight" to Dr. Whitehead's assessment of Plaintiff's moderate limitations on the ground that "they were based on [Plaintiff's] self-reported limitations at a one-time examination, and there was little other evidence of record to support those limitations."  Tr. 24.  The ALJ also did not include any social

17 - OPINION AND ORDER

limitations in her assessment of Plaintiff's RFC.  Tr. 25.  The
ALJ noted Plaintiff reported in her Function Report that "she
has no problems getting along with family and friends, although
she noted that her social activity had ceased.  In addition, she
claims she got along fine with authorities, and did not report
any problems working with others."  Tr. 23, 298.  Plaintiff also
reported she engages in social activities such as "visiting in
person, on phone and the computer" on a daily basis; regularly
attends sporting events; and regularly visits the community
center on a monthly basis.  Tr. 299.  The ALJ also noted the
record indicates Plaintiff was "generally cooperative during
examinations" with treatment providers.  Tr. 23.

On this record the Court concludes the ALJ did not err
when she discounted Dr. Whitehead's opinion because the ALJ
provided legally sufficient reasons supported by substantial
evidence in the record for doing so.

**III. The ALJ did not err when she discounted the lay-witness
testimony of Wanda W., Plaintiff's mother.**

Plaintiff contends the ALJ erred when she failed to provide
legally sufficient reasons for discounting the lay-witness
testimony of Wanda W., Plaintiff's mother.

**A.    Standards**

Lay-witness testimony regarding a claimant's symptoms

is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001).  The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir. 2006).  Germane reasons for discrediting a lay-witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). *See also Williams v. Astrue*, 493 F. App'x 866 (9th Cir. 2012).

### B.  Analysis

On April 14, 2016, Wanda W., Plaintiff's mother, completed an Adult Third Party Function Report.  Tr. 316-23. The ALJ summarized Wanda W.'s statement, which Plaintiff accepted, as follows:

> [Wanda W.] reported [Plaintiff] is confined to bed for 80% of her time.  [Plaintiff] had difficulty with various activities including lifting, squatting, bending standing, reaching, walking, sitting kneeling, climbing stairs, and using her hands, as well as understanding, remembering, concentrating, completing tasks, and following instructions.

Tr. 27-28; Pl.'s Br. at 12.

19 - OPINION AND ORDER

The ALJ discounted Wanda W.'s statements on the grounds that they are inconsistent with the "preponderance of the medical and other evidence of record, as well as the opinions and observations by medical and mental specialists." Tr. 28.

Although Wanda W.'s statements are consistent with Plaintiff's testimony regarding her symptoms, the Court has already concluded the ALJ properly discounted Plaintiff's testimony, and, therefore, the ALJ may also properly discount the similar testimony of Plaintiff's mother based on the same reasons. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005)(germane reasons for discrediting a lay-witness's testimony include the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant).

Accordingly, the Court concludes on this record that the ALJ did not err when she discounted the lay-witness testimony of Plaintiff's mother because the ALJ provided germane reasons for doing so.

**IV.  The ALJ included in the hypothetical posed to the VE Plaintiff's limitations that are supported by the record.**

Plaintiff contends the ALJ failed to include in the hypothetical to the VE all of Plaintiff's limitations as assessed by Dr. Whitehead and supported by Plaintiff's testimony

and the lay-witness testimony of Plaintiff's mother.
Plaintiff, however, does not specifically identify the
limitations that the ALJ omitted.  A claimant cannot establish
the ALJ erred at Step Four or Step Five by simply restating her
argument that the ALJ's assessment of Plaintiff's RFC did not
account for all of her alleged limitations.  *Stubbs-Danielson v.
Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

As noted, the Court has determined the ALJ provided legally
sufficient reasons for discounting Plaintiff's subjective
complaints about her symptoms, properly evaluated the medical
evidence, and provided germane reasons for discounting the lay-
witness testimony of Plaintiff's mother.  Accordingly, the Court
concludes the ALJ did not err when she did not include
limitations based on such testimony in her hypothetical posed to
the VE.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the
Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 28th day of December, 2020.

21 - OPINION AND ORDER

                    /s/ Anna J. Brown
    _____
    ANNA J. BROWN
    United States Senior District Judge